IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| LAWRENCE R. ROUBEN, M.D. | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:09CV736-HSO-JMR |
| | § | |
| PARKVIEW HOSPITAL, INC., | § | |
| GREG JOHNSON, D.O. AND JOHN | § | |
| DOES 1-10 | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION
TO RECONSIDER, AMEND OR ALTER JUDGMENT**

BEFORE THE COURT is the Motion [43] of Plaintiff Lawrence R. Rouben, M.D., to Reconsider, Amend, or Alter Judgment, filed October 11, 2010, in the above captioned case. Defendants Parkview Hospital, Inc., and Greg Johnson, D.O., filed a Response [45], and Plaintiff a Rebuttal [46]. After consideration of the parties' submissions, the record, and the relevant legal authorities, and for the reasons discussed below, the Court finds that the Motion should be denied.

I. BACKGROUND

Plaintiff filed his Complaint [1] on October 23, 2009, against Defendants, alleging tortious inference with a business relationship, tortious interference with contract, defamation, breach of contract, and civil conspiracy. On April 12, 2010, Defendants filed a Motion to Dismiss [17] pursuant to Federal Rule of Civil Procedure 12(b)(2), or in the alternative, Motion for Change of Venue [20] pursuant to 28 U.S.C. 1404(a). By Order [41] dated September 13, 2010, this Court granted Defendants' Motion to Dismiss [17], concluding that it lacked personal jurisdiction over

-1-

Defendants, and denied as moot Defendants' alternative Motion [20] seeking a transfer of this case to the Northern District of Indiana. Plaintiff then filed the instant Motion seeking to reconsider, alter, or amend the Final Judgment, pursuant to Federal Rule of Civil Procedure 59(e), on grounds that this case should have been transferred to the Northern District of Indiana, pursuant to 28 U.S.C. § 1631, in lieu of dismissal.

## II.  DISCUSSION

Under Federal Rule of Civil Procedure 59(e), there are "only three possible grounds for any motion for reconsideration: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent a manifest injustice." *Nationwide Mut. Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 494 (S.D. Miss. 2000) (quoting *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). "Reconsideration of a judgment is an extraordinary remedy which should be used sparingly and should not be used to relitigate old matters, raise new arguments or present evidence that could have been raised prior to entry of judgment." *Keating v. North Oaks Medical Center*, No. 06-10557, 2007 WL 2155783, at *1 (E.D. La. July 26, 2007) (quoting *Lafargue v. Jefferson Parish*, No. 98-3185, 2000 WL 174899, at *1 (E.D. La. Feb. 11, 2000)); *see also* CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, 11 FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995). A district court has considerable discretion in deciding whether to grant or deny a Rule 59(e) motion. *McGillivray v. Countrywide Home Loans, Inc.*, 360 Fed. App'x 533, 537 (5th Cir. 2010) (citing *Hale v.*

*Townley*, 45 F.3d 914, 921 (5th Cir. 1995)).

Plaintiff argues that reconsideration and transfer pursuant to § 1631 is appropriate here in order to prevent a manifest injustice. *See* Pl.'s Mem. in Supp. of Mot. at p. 2. Plaintiff maintains "that, when, like here, 'dismissal of the action might cause the plaintiff's action to be barred by the statute of limitations when refiled in the proper forum[,]' a transfer under section 1631 should be utilized." *Id.* at p. 3 (quoting *Patterson v. Spellings*, 249 Fed. App'x 993, 998 (5th Cir. 2007)). 28 U.S.C. § 1631 provides, in pertinent part, that:

> [w]henever a civil action is filed in a court as defined in section 610 of this title ...and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ...to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

As a threshold matter, the Court is not convinced that § 1631 is applicable where personal jurisdiction is lacking. "The statute's lack of specificity has led to a division among the federal courts as to whether Section 1631 allows transfer only when subject matter jurisdiction is lacking in the transferor court or if it extends to other types of jurisdiction defects, including lack of personal jurisdiction." CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, 15 FEDERAL PRACTICE AND PROCEDURE § 3842 (3d ed.). "Although the federal courts are pretty evenly divided on the subject, the better view appears to be that Section 1631 is limited to subject matter

jurisdiction defects and is unrelated to personal jurisdiction or venue." *Id*. This conclusion is based upon the legislative history of the statute, as embodied by the Senate Report accompanying it, which "is quite clear that Section 1631 was intended to apply only to situations in which a court lacked subject matter jurisdiction." *Id*.

Plaintiff relies upon a number of cases from outside of this Circuit which permit § 1631 transfers where personal jurisdiction is lacking. Pl.'s Mem. in Supp. of Mot. at p. 2. Though the Fifth Circuit has apparently not specifically addressed the issue, it has recognized that "section 1631 may not allow such a transfer." *Bentz v. Recile*, 778 F.2d 1026, 1027 (5th Cir. 1985). At least one case within this Circuit has examined the legislative history of § 1631, and has concluded that the statute was designed to remedy defects in subject matter jurisdiction only. *Adams v. Unione Mediterranea Di Sicurta*, No. 94-1954, 2001 WL 823733 (E.D. La. 2001).

Even if § 1631 were applicable, however, the Court is of the opinion that a transfer is not warranted here. Plaintiff raises his § 1631 argument for the first time in his Motion to Reconsider.[1] *See Pease v. Kelly Aerospace, Inc.*, No. 2:07cv340, 2008 WL 4406348, at *1 (M.D. Ala. 2008) (denying a request to transfer pursuant to § 1631 because it was raised for the first time in the plaintiffs' motion to reconsider).

---

[1] Plaintiff also took a contrary position in his Response [34] to Defendants' alternative Motion for Change of Venue. Particularly, Plaintiff contended that Defendants' argument to transfer the case to the Northern District of Indiana, the same district to which he now seeks transfer, was "meritless and border[ed] on being frivolous." Pl.'s Resp. [34] to Mot. to Dismiss. at p. 16. While the Court appreciates that Plaintiff was defending his choice of forum in this district, he could have alternatively put forward the argument he now advances, in the event the Court found personal jurisdiction lacking.

Moreover, the Court is not persuaded by Plaintiff's argument that it is in the interest of justice to transfer this action. While the Court acknowledges that a statute of limitations bar might lend support to a request for transfer, *see Scherbatskoy v. Halliburton Co.*, 125 F.3d 288, 292 (5th Cir. 1997), Plaintiff has not demonstrated that such is the situation here. Though *Patterson*, on which Plaintiff relies, states that "[a] transfer may be in the 'interest of justice' where the transferor court determines that it lacks jurisdiction, but dismissal of the action might cause the plaintiff's action to be barred by the statute of limitations when refiled in the proper forum," *Patterson*, 249 Fed. App'x at 998, the Court does not interpret this language as relieving a movant of carrying some burden of demonstrating that a real statute of limitations problem may exist if the case is not transferred. In *Patterson*, the Fifth Circuit held that the district court's denial of the motion to transfer pursuant to § 1631 was not in error where the plaintiff did not face a statute of limitations problem refiling in the proper forum. *Id*. This holding suggests that the mere prospect of additional filing fees or other associated costs does not weigh heavily in favor of transfer.

Plaintiff here has not argued that denial of his Motion would result in a statutory bar of his claims in Indiana if the case were refiled in that forum. To the contrary, he states that:

> [t]o be clear, Dr. Rouben does not intend to suggest that a statute of limitations challenge argument would prevail, if he were forced to re-file this action. To the contrary, he adamantly believes that he would be well within his rights to re-file. This does not change the fact that a transfer would be more efficient and would **ensure** that a statute of limitations challenge is not made.

Pl.'s Rebuttal at p. 3 n. 1. (emphasis in original). To accept this argument would require district courts to automatically transfer every case in which they lack jurisdiction in order to eliminate any possibility of a statute of limitations bar in a different forum, without requiring some showing by the plaintiff of any real risk that such a bar may exist. The Court is not persuaded that such an approach is consistent with § 1631.

Based upon the foregoing, the Court is of the opinion that Plaintiff's Motion should be denied.

### III. CONCLUSION

The Court has considered Plaintiff's Motion [43] to Reconsider, Amend, or Alter Judgment, and all relevant legal authorities, pleadings, and submissions, and concludes that, for the reasons stated herein, the Motion should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the Motion [43] of Plaintiff Lawrence R. Rouben, M.D., to Reconsider, Amend, or Alter Judgment, filed October 11, 2010, pursuant to Federal Rule of Civil Procedure 59(e), should be and hereby is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 2nd day of November, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE